**Affirmed and Memorandum Opinion filed December 16, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00817-CR

---

## JAIRO FRANCISCO LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 1803236**

---

# M E M O R A N D U M   O P I N I O N

Appellant Jairo Francisco Lopez challenges his conviction for driving while intoxicated on the grounds that the trial court erred in admitting into evidence statements he made to a responding police officer without being administered *Miranda* warnings and statutory warnings. We affirm.

## BACKGROUND

Sergeant John Guerra, an officer with the City of West University Place, was on duty when he heard a loud crash. His investigation into the crashing sound took him across the street, just outside his jurisdiction and into the surrounding city of Houston, where he located appellant outside a nearby bank. Appellant was on the phone calling a wrecker to tow a vehicle that had hit a tree and was parked in the median of the road. Guerra informed appellant that he needed to wait at the scene until the Houston Police Department officers arrived and filed a police report because the accident caused damage to bank property. Because appellant was unsteady on his feet, Guerra asked him to sit on the curb while waiting. Guerra asked appellant what happened and appellant stated that he had an accident. Appellant later disclosed that he had been driving from a nearby bar to an automated teller machine when he lost control of the vehicle.

Officer David Williamson of the Houston Police Department arrived at the scene about twenty minutes later. Williamson saw appellant's car wrapped around a pole and also observed several signs of intoxication in appellant. Williamson stated that appellant emitted a strong odor of a fruity alcoholic beverage, appellant's speech was slurred, and appellant was stuttering. According to Williamson, appellant swayed as he stood and he cycled between acting nice and acting belligerent.

Appellant was charged by information with driving while intoxicated (DWI). Before trial by jury, appellant filed a motion to suppress to the statements he made to Sergeant Guerra, asserting he was in custody and was not provided with *Miranda* warnings. The trial court denied appellant's motion to suppress and during trial Guerra testified regarding appellant's statements. The jury found appellant guilty as charged. Appellant timely filed this appeal, asserting in a single

issue that the trial court erred in denying his motion to suppress.

## ANALYSIS

Appellant contends that the trial court erred in denying his motion to suppress statements he made to Guerra on the grounds that the statements were involuntary because he was in custody and was not provided with *Miranda* warnings or warnings required by Texas Code of Criminal Procedure Article 38.22, which governs when statements of an accused may be used in evidence against him. This court reviews a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. This court affords the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* This court reviews de novo the trial court's application of the law to facts if resolution of the ultimate questions does not turn on an evaluation of credibility and demeanor. *Id.*

Appellant asserts that the trial court erred in denying his motion to suppress statements he made to Guerra because Guerra interrogated him without providing him the benefits of warnings set out by the United States Supreme Court in *Miranda v. Arizona* and the warnings required by Article 38.22 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.22 (West, Westlaw through 2013 3d C.S.); *Miranda v. Arizona*, 384 U.S. 436, 442–57, 86 S.Ct. 1602, 1611–18, 16 L.Ed.2d 694 (1966). It is a violation of an individual's Fifth-

3

Amendment right against self-incrimination for the State to use unwarned statements obtained as a result of custodial interrogation in a criminal proceeding during its case-in-chief. *Id.* at 444, 86 S.Ct. 1612. *Miranda* warnings are required only if the person is "in custody." *See Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S. Ct. 711, 714, 50 L.Ed.2d 714 (1977).

Similarly, article 38.22 governs the admissibility of statements made by a defendant during a custodial interrogation. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). It is undisputed that appellant had not received any *Miranda* warnings or statutory warnings when he made the statements in question. Appellant's statements to Guerra were made in response to questioning by Guerra. Therefore, this court must decide whether appellant was in custody when he made the statements.

A person is in custody if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The "reasonable person" standard presupposes an innocent person. *Id.* Moreover, the subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. *Id.*

The Court of Criminal Appeals of Texas has recognized four factors relevant to determining custody: (1) probable cause to arrest, (2) subjective intent of the police, (3) focus of the investigation, and (4) subjective belief of the defendant. Id. But, under *Stansbury v. California*, 511 U.S. 318, 321–24, 114 S.Ct. 1526, 1528–30, 128 L.Ed.2d 293, 298–99 (1994), factors (2) and (4) have become irrelevant except to the extent that they may be manifested in the words or actions of law enforcement officials. *See Dowthitt*, 931 S.W.2d at 254. The custody

determination must be made on an ad hoc basis, after considering all of the objective circumstances. *Id.* at 255. That an interrogation begins as non-custodial does not prevent custody from arising later; a consensual inquiry can escalate into a custodial interrogation. *Id.*

The Court of Criminal Appeals has outlined at least four general situations which may constitute custody:

(1) when the suspect is physically deprived of his freedom of action in any significant way,

(2) when a law enforcement officer tells the suspect that he cannot leave,

(3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and

(4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

*Id.* Concerning the first three situations, *Stansbury* indicates that the restriction upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention. *Dowthitt*, 931 S.W.2d at 255. Concerning the fourth situation, *Stansbury* dictates that the officers' knowledge of probable cause be manifested to the suspect. *Id.* This manifestation can occur if information substantiating probable cause is relayed by the suspect to the officers or if such information is relayed by the officers to the suspect. *Id.* Furthermore, the fourth situation does not automatically establish custody; rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest. *Id.* The length of time spent interrogating the suspect is one of the factors to consider. *Id.* at 256.

The record reflects that Guerra detained appellant at the scene, rather than another location, for an estimated fifteen to twenty minutes. Guerra testified that

5

he refrained from asking appellant whether he was intoxicated because Guerra wanted the Houston Police Department to take control of the scene. Guerra did not tell appellant that he was under arrest or that he suspected appellant had operated a motor vehicle while intoxicated. To the contrary, Guerra merely stated that appellant needed to remain at the scene so that the Houston Police Department could conduct an accident report. Guerra asked appellant to sit on the curb for appellant's own safety but did not place appellant in handcuffs or in the police car or engage in any other conduct that suggested the officer was doing anything other than maintaining the status quo until police officers with jurisdiction arrived at the scene. Guerra informed appellant that he was being detained and he did not take any actions that indicated he was under arrest. Applying the foregoing legal standard to the case under review, the trial court did not err in concluding that appellant was not in custody at the time he made the statements to Guerra. *See State v. Stevenson*, 958 S.W.2d 824, 828–29 (Tex. Crim. App. 1997) (holding that appellant was not in custody when he made statements during roadside DWI investigation). The trial court did not err in denying appellant's motion to suppress these statements on the grounds that he did not receive *Miranda* warnings or statutory warnings.

## CONCLUSION

The trial court did not err in denying appellant's motion to suppress statements made to a responding officer because appellant was not in custody at the time he made the statements. Accordingly, we overrule appellant's sole issue.

The trial court's judgment is affirmed.


/s/           Kem Thompson Frost
                     Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).